UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA )<br>)<br>v. )<br>)<br>WILLIE BERRY, et al., )<br>)<br>Defendants. )<br>) | Criminal No.<br>15-10146-FDS |

## ORDER OF RECUSAL

**SAYLOR, J.**

      This matter was assigned to the undersigned United States District Judge in June 2015 and immediately referred to United States Magistrate Judge Marianne B. Bowler for pretrial proceedings. At some point thereafter, attorney David Apfel of the law firm Goodwin Procter was appointed from the CJA panel to represent defendant Willie Berry. Attorney Apfel is a former law partner of mine and a social friend. In due course, Magistrate Judge Bowler reported the case back to me. Beginning with a status conference on May 24, 2016, I raised the possibility of recusal, without resolving the issue. At some point, the government indicated that the recusal issue would be resolved in the following way: the government would file a superseding indictment in another matter assigned to Judge Stearns that would include charges against defendant Willie Berry, and the charges against him in this matter would then be dismissed. Over the course of the next few months, the Court took multiple changes of plea from various co-defendants, scheduled sentencing hearings, and sentenced defendant Roshaun Hawkins. No significant matters were raised by the government or defense counsel concerning

defendant Willie Berry, other than to report on the status of issues such as discovery and possible plea discussions. The superseding indictment was not, however, returned.

At a status conference on November 15, 2016, counsel for the government stated that the superseding indictment would not be returned for some time, due to a variety of scheduling and other issues. At the same conference, attorney Apfel asked for a prompt trial date for defendant Willie Berry, indicating that his client did not expect to enter into a plea agreement.

Under the circumstances, the Court cannot continue to preside over this matter on the assumption that the recusal issue will be resolved. As noted, because of my relationship with attorney Apfel, my impartiality might reasonably be questioned if I were to continue to preside over this matter.

Accordingly, pursuant to 28 U.S.C. § 455(a), I hereby recuse myself from this proceeding.

**So Ordered.**

Dated:  November 17, 2016

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge