United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>      v.<br><br>Willie Berry, et al.<br><br>      Defendants. | Criminal Action No.<br>15-10146-NMG |

MEMORANDUM & ORDER

**GORTON, J.**

Defendant Tony Berry ("defendant") has been indicted on a charge of conspiracy to distribute cocaine base, cocaine, heroin and oxycodone, in violation of 21 U.S.C. § 846. The indictment also includes a criminal forfeiture allegation.

Currently before the Court is defendant's motion to suppress evidence obtained during an arrest and search of his person and rented vehicle which occurred on May 13, 2015. For the reasons that follow, the motion will be denied.

## I. Background

On May 13, 2015, Massachusetts State Police ("MSP") officers received information that defendant was transporting drugs to Holman Street in Attleboro, Massachusetts. Police set up surveillance and recognized a rental car with a Tennessee plates turning onto Holman Street around 7:00 P.M. Officers

-1-

approached the vehicle and identified defendant as the person in the front passenger seat.

Officers searched defendant and found a white ankle sock in his pants. When they searched the vehicle they found a similar white ankle sock in the center console. That sock contained a plastic bag with approximately 1,600 pills of what was later identified as oxycodone.

According to the government, earlier that morning, locator information for defendant's cell phone had shown movement south on Route 95 from Attleboro. The locator information also showed later movement north on Route 95 through Connecticut and Rhode Island. That locator information was purportedly identical to defendant's travel to and from New York City on April 25, 2015, during which the government alleges defendant was transporting oxycodone pills. The government also details a long history of surveillance of defendant and his associates dating back to 2011.

In June, 2015, a grand jury indicted defendant and eight others on multiple drug trafficking charges. In November, 2016, defendant moved to suppress the evidence from his arrest and the ensuing search that occurred on May 13, 2015. The Court held an evidentiary hearing and heard oral argument on that motion on December 6, 2016.

**II.  Motion to Suppress**

Defendant seeks to suppress all fruits of the search. According to defendant, the evidence should be suppressed because the police lacked probable cause to believe a crime was being committed when they arrested him.  The government responds that the police had sufficient probable cause to justify the arrest and subsequent search of defendant.

**A.   Legal Standard**

The Fourth Amendment governs the arrest of a person by law enforcement officers. Robinson v. Cook, 706 F.3d 25, 33 (1st Cir. 2013).  A warrantless arrest is permissible if there is probable cause to believe that the arrestee has committed a crime. United States v. Bizier, 111 F.3d 214, 216-17 (1st Cir. 1997).

The probable cause standard is distinct from the "more onerous standard of proof beyond a reasonable doubt." Morelli v. Webster, 552 F.3d 12, 21 (1st Cir. 2009).  Probable cause exists if,

> at the time of arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that [the suspect] had committed or was committing an offense.

Bizier, 111 F.3d at 217 (internal quotation and citation omitted).  The "totality of the circumstances" is considered for the probable cause determination.

If an arrest is validly based on probable cause, then law enforcement officers are permitted to conduct a search incident to the arrest in "the area within [the arrestee's] immediate control." Arizona v. Gant, 556 U.S. 332, 339 (2009) (quoting Chimel v. California, 395 U.S. 752, 763 (1969)).  Officers also may search a vehicle incident to the arrest when it is "reasonable to believe evidence relevant to the crime of arrest might be found" there. Id. at 343 (quoting Thornton v. United States, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)).

**B.   Application**

    **1.   The Arrest of Defendant**

When all of the circumstances are considered, there is sufficient evidence to establish that the MSP had probable cause to believe defendant was committing a crime when they arrested him. See United States v. Maguire, 918 F.2d 254, 258 (1st Cir. 1990).  A number of events support such a finding.

First, law enforcement had been aware of defendant's drug trafficking activities since 2011 when they 1first observed a drug transaction between defendant and another individual. Then, beginning in or about December, 2014, law enforcement began investigating defendant's brother, Willie Berry, and his purported drug trafficking activities.  Investigators learned

that defendant often visited eastern Massachusetts and that he was involved in drug trafficking with his brother.

Over the next few months, pursuant to several court orders, law enforcement intercepted conversations between defendant and others, including Willie Berry, during which defendant discussed oxycodone trafficking.  Also, in March, 2015, investigators discovered that defendant was spending a significant amount of time at a residence in Brockton, Massachusetts, where one of defendant's associates lived.  Law enforcement found drug trafficking paraphernalia in the trash outside the home.

In April, 2015, defendant spent an overnight at a house on Holman Street in Attleboro, where he was eventually arrested in May, 2015.  On April 25, 2015, law enforcement tracked location information for defendant's phone showing movement from Attleboro to New York City and back.  That trip was consistent with intercepted conversations during which defendant discussed obtaining oxycodone in New York City.

Finally, on May 13, 2015, the day of the arrest, locator information for defendant's phone showed movement much like that on April 25, 2015.  The MSP were alerted to defendant's movements and they arrested defendant in a rented vehicle on Holman Street in Attleboro after tracking that vehicle from New York City.

While the locator information of defendant's phone on May 13, 2015 does not, alone, establish defendant's criminal activity, the "totality of circumstances" described above support a finding that there was probable cause to believe that defendant was transporting drugs when he was arrested. See id. at 258. Accordingly, the warrantless arrest of defendant did not violate the Fourth Amendment.

During oral argument, defendant suggested that the government's reliance on Bizier is inappropriate because the information gathered in that case was contemporaneous whereas, in this case, the extended interval between defendant's drug trafficking activities in 2011 and the 2014 arrest "creates difficulty". To the contrary, however, the First Circuit Court of Appeals in Bizier emphasizes that a long delay creates difficulty in obtaining a search warrant, not with establishing probable cause for an arrest. 111 F.3d at 219 ("[P]robable cause to support an arrest normally does not grow stale."). Here, the more recent information does not discredit the earlier evidence supporting probable cause but instead strengthens the basis for the arrest. See id. at 219-20.

### 2. The Search of Defendant's Person and Vehicle

The search of defendant's person was also lawful. Pursuant to a lawful arrest, law enforcement may search a person to preserve evidence. See Bizier, 111 F.3d at 217. The information

gathered by law enforcement about defendant's drug trafficking activities supports a search of defendant incident to his arrest. See id. at 217 ("[T]he information flowing from the course of cocaine dealing arrangements between Bizier and the confidential informant[] supported a search . . . incident to his arrest.").

Similarly, the search of defendant's vehicle was lawful. Based on the events described above, it is reasonable to believe that evidence of drug trafficking, the crime for which defendant was arrested, would be found in the vehicle. See Gant, 556 U.S. at 344 (noting that a drug-related arrest could "supply a basis" for searching an arrestee's vehicle).

Although defendant suggests that the police were not in fear of their safety at the time they conducted the searches, that is irrelevant because officers are permitted to conduct searches of a defendant's person or vehicle for evidentiary purposes. Id. at 339, 343.

Because the arrest of defendant and the subsequent searches of his person and rental car by police were lawful, defendant's motion to suppress will be denied.

**ORDER**

In accordance with the foregoing, defendant's motion to suppress (Docket No. 229) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 13, 2016