UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-10146-NMG |
| ) | |
| (2) TONY BERRY, ) | |
| a/k/a "Mazibrawl" ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**GORTON, D.J.**

WHEREAS, on June 16, 2015, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Tony Berry, a/k/a "Mazibrawl" (the "Defendant"), and others with Conspiracy to Distribute Cocaine Base, Cocaine, Heroin, and Oxycodone, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, and such property specifically included, without limitation:

    a. one gray 2011 Infiniti M37X sedan bearing vehicle identification number JN1BY1AR2BM374404, and Massachusetts registration 787BW7[1];

---

[1] This property was seized from a co-defendant in this case. The Defendant does not have an interest in this property.

1

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), and such property specifically included, without limitation[2]:

    a.    the real property located at 2300 Burdett Ridge Drive, Atlanta, Georgia, including all buildings, appurtenances and improvements thereon;

    b.    the real property located at 5335 Willow Park Boulevard, College Park, Georgia, including all buildings, appurtenances and improvements thereon;

    c.    the real property located at 7840 Bar Harbor Drive, Riverdale, Georgia, including all buildings, appurtenances and improvements thereon;

    d.    the real property located at 330 Blue Sail Lane, Atlanta, Georgia, including all buildings, appurtenances and improvements thereon; and

    e.    one red 1973 Buick Electra bearing vehicle identification number 4V39T3Y209736 and Massachusetts registration 1BY193;

WHEREAS, on April 19, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on April 18, 2017;

WHEREAS, in Section 8 of the plea agreement, the Defendant admitted that the

---

[2] Item (e) was seized from a co-defendant in this case. The Defendant does not have an interest in this property. The United States is not pursuing forfeiture of items (c) and (d).

following properties are subject to forfeiture because they constitute, or are derived from, proceeds obtained, directly or indirectly, as the result of Defendant's offenses charged in Count One of the Indictment; and/or were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the Defendant's offenses charged in Count One of the Indictment,

  a. one ZTE Corporation Metro PCS Cell Phone, Model 730 (the, "Phone"); and

  b. a forfeiture money judgment in the amount of $10,000 in United States currency[3];

and therefore consented to the forfeiture of all of his interest in the Phone;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Phone and the offense to which the Defendant pled guilty, and accordingly, the Phone is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

WHEREAS, pursuant to 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Phone.

---

[3] Defendant agreed to the entry of an order of forfeiture money judgment in the amount of $10,000 in United States currency in lieu of the forfeiture of the real properties located at 2300 Burdett Ridge Drive, Atlanta, Georgia; and 5335 Willow Park Boulevard, College Park, Georgia. The Defendant further agreed to remit $5,000 in United States curerncy in the form of a certified check made payable to the United States Marshals Service to the United States Attorney's Office on or before the date of the Sentencing and agrees to remit $1,000 in United States currency in the form of certified check each month until the balance of the forfeiture money judgment is satisfied in full. Defendant acknowledges that the United States shall place a lien on the referenced properties in the amount of $5,000 until the forfeiture money judgment was satisfied in full.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Phone and the offense to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, the Defendant's interest in the Phone is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Phone and maintain it in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Phone.

6. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Phone to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Phone, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United

States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Phone; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Phone, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Phone, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Phone.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_/s/ Nathaniel M. Gorton_
NATHANIEL M. GORTON
United States District Judge

Dated: 9/15/17