UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                      )<br>)<br>(2) TONY BERRY,                  )<br>   a/k/a "Mazibrawl"            )<br>          Defendant.     ) | Criminal No. 15-10146-NMG |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**GORTON, D.J.**

WHEREAS, on June 16, 2015, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Tony Berry, a/k/a "Mazibrawl" (the "Defendant"), and others with Conspiracy to Distribute Cocaine Base, Cocaine, Heroin, and Oxycodone, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, and such property specifically includes, without limitation:

    a. one gray 2011 Infiniti M37X sedan bearing vehicle identification number JN1BY1AR2BM374404, and Massachusetts registration 787BW7[1];

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located

---

[1] This property was seized from a co-defendant in this case. The Defendant does not have an interest in this property.

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), and such property specifically included, without limitation[2]:

    a.     the real property located at 2300 Burdett Ridge Drive, Atlanta, Georgia, including all buildings, appurtenances and improvements thereon;

    b.     the real property located at 5335 Willow Park Boulevard, College Park, Georgia, including all buildings, appurtenances and improvements thereon;

    c.     the real property located at 7840 Bar Harbor Drive, Riverdale, Georgia, including all buildings, appurtenances and improvements thereon;

    d.     the real property located at 330 Blue Sail Lane, Atlanta, Georgia, including all buildings, appurtenances and improvements thereon; and

    e.     one red 1973 Buick Electra bearing vehicle identification number 4V39T3Y209736 and Massachusetts registration 1BY193.;

WHEREAS, on April 19, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on April 18, 2017;

WHEREAS, in Section 8 of the plea agreement, the Defendant agreed to forfeit to the United States $10,000 in United States currency on the grounds that such amount constitutes, or is derived from, proceeds obtained, directly or indirectly, as the result of Defendant's offenses

---

[2] Item (e) was seized from a co-defendant in this case. The Defendant does not have an interest in this property. The United States is not pursuing forfeiture of items (c) and (d).

charged in Count One of the Indictment; and/or were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the Defendant's offenses charged in Count One of the Indictment;[3]

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on April 19, 2017, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $10,000 in United States currency, pursuant to 21 U.S.C. § 853;

WHEREAS, the amount of $10,000 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 21 U.S.C. § 846;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant, in the amount of $10,000 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

---

[3] Defendant agreed to the entry of an order of forfeiture money judgment in the amount of $10,000 United States currency in lieu of forfeiture of the real properties located at 2300 Burdett Ridge Drive, Atlanta, Georgia; and 5335 Willow Park Boulevard, College Park, Georgia. The Defendant further agreed to remit $5,000 in United States currency in the form of a certified check made payable to the United States Marshals Service to the United States Attorneys Office on or before the date of the Sentencing. Payment of $5,000 has been received by the United States Marshal Service. The Defendant agreed to remit $1,000 in United States currency in the form of certified check each month until the balance of the forfeiture money judgment is satisfied in full. Defendant acknowledged that the United States shall place a lien on the referenced properties in the amount of $5,000 until the forfeiture money judgment was satisfied in full.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant, shall forfeit to the United States the sum of $10,000 in United States currency, pursuant to 21 U.S.C. § 853.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
United States District Judge

Dated: 9/17/15